UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-cv-20727-JEM (Martinez/Goodman)

-------------------------------------------------------------------------------------------------------------

Israel Garcia, individually and on behalf of
a class of similarly situated individuals,

Plaintiff,

v.

Target Corporation,

Defendant.

_____

**DEFENDANT TARGET CORPORATION'S
UNOPPOSED MOTION FOR CHANGE OF VENUE**
_____

Pursuant to 28 U.S.C. § 1404(a), Defendant Target Corporation moves this Court

for a change of venue to the United States District Court for the District of Minnesota.

Plaintiff Israel Garcia does not oppose this motion.

Plaintiff Israel Garcia, a Texas resident, filed this lawsuit against Defendant

Target Corporation, a Minnesota corporation with its principal place of business in

Minnesota, claiming that Target violated the Telephone Consumer Protection Act by

calling his cellular telephone without his prior express consent. Mr. Garcia is suing on

behalf of a class, but since this case is in its early stages with discovery not yet

completed, the number of class members residing in this judicial district and elsewhere is

unknown to the Parties.

**Legal Standard**

The change-of-venue statute provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[1] Congress designed that statute to prevent "the wastefulness of time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense": "where a 'civil action' to vindicate a wrong — however brought in a court — presents issues and requires witnesses that make one District Court more convenient than another, the trial judge can, after findings, transfer the whole action to the more convenient court."[2]

**Argument**

I.   **Venue is proper in the District of Minnesota.**

The change-of-venue statute provides that a transferee district must be one "where [the action] might have been brought" or "to which all parties have consented."[3]

The general venue statute provides that

> A civil action may be brought in—
> (1)     a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

[1] 28 U.S.C. § 1404(a); *accord Richardson v. Ala. State Bd. of Educ.*, 935 F.2d 1240, 1248 (11th Cir. 1991).

[2] *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26–27 (1960).

[3] 28 U.S.C. § 1404(a).

> (2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3)    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[4]

A corporate defendant "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."[5]

This civil action could have been brought in the District of Minnesota because (1) Target, the only Defendant, resides in Minnesota, so "all defendants are residents of the State in which the district is located"; and (2) Target was calling from a call center in Minnesota, so "a substantial part of the events or omissions giving rise to the claim occurred" in the District of Minnesota. Target has no call centers in Florida, and so placed no calls from Florida.

## II.    Convenience, and the interest of justice, favor transfer.

### A.    A plaintiff's choice of forum is accorded less deference when the plaintiff has chosen a foreign forum, especially when the plaintiff seeks to represent a putative nationwide class.

Mr. Garcia lives in Texas.[6] His attorneys office in Tallahassee, in the Northern District of Florida, and in Chicago, in the Northern District of Illinois; no firm with an

---

[4] 28 U.S.C. § 1391(b) (venue in general).

[5] 28 U.S.C. § 1391(c)(2) (residency).

[6] Compl. [Doc. 1], ¶ 7 at 2.

attorney representing Mr. Garcia maintains an office in the Southern District of Florida. Yet Mr. Garcia and his attorneys filed this action in the Southern District, as Mr. Garcia's cellular-telephone carrier is headquartered in this District and assessed Mr. Garcia fees from this District for his receipt of the misdirected calls.

A plaintiff's choice of forum is ordinarily entitled to deference, but not when the plaintiff has chosen a foreign forum: "A plaintiff who chooses a foreign forum substantially undercuts the presumption his choice is reasonable: '[b]ecause the central purpose of any forum non conveniens inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference.'"[7] And a plaintiff's choice of forum "is accorded even less weight" when that plaintiff "seeks to represent a putative nationwide class,"[8] as Mr. Garcia does.[9]

### B.      No Party is located in Florida, so "the convenience of parties" favors transfer.

Mr. Garcia lives in Texas.[10] Target "is a Minnesota corporation with its principal place of business located in Minnesota."[11] Mr. Garcia is the only Plaintiff, and Target is

---

[7]*La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981)).

[8]*Soler v. IndyMac Mortg. Servs.*, No. 14-Civ-22541-COOKE/TORRES, 2015 U.S. Dist. LEXIS 84091, at *9 (S.D. Fla. June 29, 2015) (citing *Credit Bureau Servs., Inc. v. Experian Info. Solutions, Inc.*, No. 12-61360-CIV, 2012 U.S. Dist. LEXIS 174487, at *66–67 (S.D. Fla. Dec. 7, 2012)).

[9]*See* Compl., ¶ 1 at 1 ("individuals throughout the nation"); *id.*, ¶ 21 at 5 ("national class").

[10]Compl. [Doc. 1], ¶ 7 at 2.

[11]*Id.*, ¶ 8 at 3.

4

the only Defendant, so no Party is located in Florida.[12] Each Party must travel across

several state lines in order to attend a proceeding in this district. The "convenience of

parties" therefore favors transfer.

C. **The only witnesses whose addresses have been identified live in Minnesota or Texas, so "the convenience of . . . witnesses" favors transfer.**

Rule 26(a)(1) requires that each Party must, in its initial disclosure, "provide to

the other parties: (i) the name and, if known, the address and telephone number of each

individual likely to have discoverable information . . . that the disclosing party may use to

support its claims or defenses."[13]

Target's initial disclosure identified one individual witness, located in Minnesota:

Target's information about the subject account and claims is corporate information based on Target's records. The employee who researched the account for this action is Susan L. Wolf, Target Financial Services, Mail Stop 5C-T, 3701 Wayzata Boulevard, Minneapolis, MN 55102 (ph. 612.696.0860).[14]

The only individual witness that Mr. Garcia's initial disclosure identified is Mr.

Garcia himself. But his disclosure also listed, without providing an address,

"[e]mployees, officers, and agents of Defendant, Target Corporation"; and, again without

identifying any individual and without providing an address, "[e]mployees, officers, and

agents of TracFone Wireless, Inc.," who "may have knowledge of certain discoverable

---

[12]Target does operate stores in Florida. *See id.*, ¶ 9 ("Defendant is a nationwide retailer that operates department stores across the country.").

[13]Fed. R. Civ. P. 26(a)(1)(A)(i).

[14]Target's Initial Disclosures [Ex. A] at 1.

information relevant to the allegations in the Complaint, including allegations regarding

the transmission of automated debt collection calls to Plaintiff's cellular

telephone . . . ."[15]

Thus, the only individual witnesses — and the only witnesses whose addresses

have been identified — live in Minnesota or Texas. The "convenience of . . . witnesses"

therefore favors transfer.

### D.   The relevant records are located in Minnesota.

A court considering a motion for a change of venue may also consider the

location of relevant records.[16] Target has disclosed that

> Target's subsidiary Target Enterprise, Inc., which services Target-
> brand credit cards, has records relating to the account of the cardholder
> who gave prior express consent for calls to 832.876.9681, including the
> application, the applicable credit-card agreement, monthly billing
> statements, notes and archived notes, dialer records, and collection notes
> from outside collection agencies.[17]

Those records are all located in Minnesota, where the subject account and claims

were researched.[18]

_____

[15]Pl.'s R. 26(a)(1) Disclosures [Ex. B] at 2.

[16]*See Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 655 (11th Cir. 1993)
(affirming transfer where "all employment records relevant to appellants' suits have, at all
relevant times, been located within the Middle District of Georgia").

[17]Target's Initial Disclosures [Ex. A] at 1–2.

[18]*See id.* at 1 ("Target's information about the subject account and claims is
corporate information based on Target's records. The employee who researched the
account for this action is Susan L. Wolf, Target Financial Services, Mail Stop 5C-T, 3701
Wayzata Boulevard, Minneapolis, MN 55102 . . . .").

III.     **There is no specific connection between Mr. Garcia's claims and this district.**

Venue is certainly proper in the District of Minnesota. It is less clear that venue is proper in the Southern District of Florida.

The only basis that the complaint alleges for venue in Florida is that

> Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because Defendant is registered to conduct business in this District; Defendant maintains offices in this District; and because a substantial part of the events concerning the conduct at issue occurred in this District, as the calls at issue were received utilizing technology located in this District.[19]

But the first two points that the complaint alleges in support of venue in this district — that "Defendant is registered to conduct business in this District" and "Defendant maintains offices in this District" — are irrelevant, since the general venue statute says that a corporate defendant "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction *with respect to the civil action in question*."[20] While Target operates stores in Florida, that fact does not subject Target to personal jurisdiction "with respect to the civil action in question"; Target does not place collections calls from its stores, but rather through its subsidiary Target Enterprise, Inc. (which does not operate any Target stores), from a call center in Minnesota (and sometimes from another call center in Arizona).

---

[19] *Id.*, ¶ 6 at 2.

[20] 28 U.S.C. § 1391(c)(2) (emphasis added).

**Conclusion**

While Mr. Garcia filed this action in the Southern District of Florida, a plaintiff's choice of forum is accorded less deference when the plaintiff has chosen a foreign forum, especially when the plaintiff seeks to represent a putative nationwide class.

Here, venue is certainly proper in the District of Minnesota. In addition, as no Party is located in Florida, "the convenience of parties" and "the interest of justice" favor transfer. The only witnesses whose addresses have been identified live in Minnesota or Texas, so "the convenience of . . . witnesses" favors transfer. The relevant records are also located in Minnesota.

Therefore, this Court should transfer this action to the United States District Court for the District of Minnesota.

**Certification Under Local Rule 7.1(a)(3)**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel for the moving Party certifies that he has conferred with all Parties or non-parties who may be affected by the relief sought in the motion in a good-faith effort to resolve the issues raised in the motion. All issues in connection with the motion have been resolved by agreement, and no issues remain unresolved.

July 21, 2016.

DYKEMA GOSSETT PLLC

/s/ Brian Melendez

_____
Brian Melendez, Fla. Bar No. 0103559
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Ph. 612.486.1589
Fax 866.637.2804
bmelendez@dykema.com

in association with

BOWMAN AND BROOKE LLP
Charles P. Flick, Fla. Bar No. 253324,
    Charles.Flick@bowmanandbrooke.com
Shawn Y. Libman, Fla. Bar No. 10544,
    Shawn.Libman@bowmanandbrooke.com,
    Katya.Robertson@bowmanandbrooke.com
Suite 800
Two Alhambra Plaza
Miami, FL 33134
Ph. 305.995.6092
Fax 305.995.6100

Attorneys for Defendant
    Target Corporation

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served by

CM/ECF on July 21, 2016, on all counsel or parties of record on the Service List below.

July 21, 2016.

DYKEMA GOSSETT PLLC

/s/ Brian Melendez

_____

Brian Melendez, Fla. Bar No. 0103559

**Service List**

David Patrick Healy
2846-B Remington Green Circle
Tallahassee, FL 32308

Eugene Y. Turin
McGuire Law, P.C.
Ninth Floor
55 West Wacker Drive
Chicago, IL 60601

4826-4003-5636.4
ID\MELENDEZ, BRIAN - 110048\000129

10

## EXHIBITS

| Exh. | Document |
|------|----------|
| A | Defendant Target Corporation's Initial Disclosures (May 6, 2016) |
| B | Plaintiff's Rule 26(a)(1) Initial Disclosures (May 16, 2016) |

11